```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
MICHAEL JONES,                                              :
                                                            :
                                Plaintiffs,                 :
                                                            :          18-CV-1937 (VSB)
                -against-                                   :
                                                            :                ORDER
THE CITY OF NEW YORK, et al.,                               :
                                                            :
                                Defendants.                 :
                                                            :
------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/2/2019

VERNON S. BRODERICK, United States District Judge:

I am in receipt of the *pro se* Plaintiff's June 25, 2019 "Motion to Reconsider, Modify or Recall This Court's Prior Order Pursuant to Rule 60(b)(6)." (Doc. 63.) In his motion, Plaintiff requests that I vacate the portions of my May 15, 2018 Order of Service ("Order of Service") (Doc. 7) in which I dismissed claims against fifteen individual defendants ("Dismissed Defendants") as time-barred because the facts pled by Plaintiff in support of his claims against them had allegedly occurred more than three years prior to the filing of the Complaint, outside the statute of limitations for a 42 U.S.C. § 1983 claim arising in New York. *Id.* These claims were dismissed without prejudice to refiling them within the bounds of Fed R. Civ. P. 15, provided that if Plaintiff asserted these claims again, he would include facts showing that he "is entitled to equitable tolling of the limitations period for such claims." *Id.* at 4. Several of Plaintiff's other claims survive, including his claim of deliberate indifference to medical needs against two individual defendants, Corizon Health Inc., and the City of New York. *Id.* at 4 n.3.

Plaintiff now seeks reconsideration of my Order of Service pursuant to Fed. R. Civ. P. 60(b)(6), asserting that the Order of Service created "extreme and undue hardship" because his

claims against the Dismissed Defendants should not have been dismissed as time-barred under the "continuing violation doctrine." (Doc. 63.)

The Court is obliged to construe pro se pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–75 (2d Cir. 2006) (internal quotation marks omitted). Accordingly, because I dismissed Plaintiff's claims against the Dismissed Defendants without prejudice to refile them, I construe the instant motion as a motion for leave to amend his complaint pursuant to Fed. R. Civ. P. 15(a)(2), which instructs the court to "freely give leave [to amend a complaint] when justice so requires." *See also Foman v. Davis*, 371 U.S. 178, 182 (1962).

Under the continuing violation doctrine, when a plaintiff alleges an ongoing policy of deliberate indifference to serious medical needs as well as "some non-time-barred acts taken in furtherance of that policy," the commencement of the statute of limitations may be delayed until the last act in furtherance of the alleged policy. *Shomo v. City of New York*, 579 F.3d 176, 181 (2d Cir. 2009). Plaintiff now argues that his Complaint "clearly establish[es] that defendant's committed a number of wrongful act within the statute of limitations period," justifying application of the continuing violation doctrine. (Doc. 63 at 7.)

However, I find that at this time, Plaintiff has not alleged in either his Complaint or the instant motion that any of the Dismissed Defendants individually committed any "non-time-barred" wrongful acts. *See Shomo* at 181; *see also Green v. Schriro*, 2019 WL 1765220, at *5 n. 12 (E.D.N.Y. Apr. 22, 2019) (doctrine of continuing violation not available to the plaintiff where acts committed within the statute of limitations were not committed by any of the defendants); *Crenshaw v. Syed*, No. 9:10-CV-244 (GLS) (GHL), 2011 WL 2975687, at *4 (N.D.N.Y. Mar. 8,

2011) ("[I]t is not enough to simply allege that *someone* committed a wrongful act within the statute of limitations period. Rather, a plaintiff hoping to invoke the continuing violation doctrine must allege that *the defendant* committed a wrongful act within the statute of limitations period."), *report and recommendation adopted*, No. 9:10-CV-244 (GLS) (GHL), 2011 WL 2975775 (N.D.N.Y. July 21, 2011). Therefore, it would not serve the interests of justice to grant Plaintiff leave to amend his complaint based on the facts pled to date. Accordingly, it is hereby:

ORDERED that Plaintiff's motion is DENIED at this time.

IT IS FURTHER ORDERED that if Plaintiff still wishes to assert his claims against the Dismissed Defendants, he is granted until August 16, 2019 to submit a proposed amended complaint that alleviates the deficiencies identified herein by alleging facts showing he is entitled to equitable tolling of the limitations period for these claims. Plaintiff is instructed to make every effort to ensure that his proposed amended complaint is received by the Clerk's Office on or before this deadline.

IT IS FURTHER ORDERED that if the Court subsequently enters an order accepting Plaintiff's proposed amended complaint, Defendants will have 21 days from the date of that order to submit a letter indicating to the Court whether they intend to proceed with their Motions for Judgment on the Pleadings. (Docs. 36, 53.)

The Clerk of Court is respectfully directed to mail a copy of this Order to the pro se Plaintiff.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that an appellant

demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: July 2, 2019
   New York, New York

Vernon S. Broderick
United States District Judge