OUR FILE NO.: 090.171360

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
MICHAEL JONES,                                                                       18-CV-1937 (VSB)
                                                                                                    CIVIL ACTION

                        Plaintiff,

-against-

THE CITY OF NEW YORK, JOSEPH A. PONTE,
JESSY LIBURD, CAROLE COMAS, SCOTT PARKS,
KERNOLD ALVES, CHIKA NWOGWUGWU,
YVES GAUVIN, ROXANNE HOBBS-GREEN,
LYNN DEVIVO, FRANK MEDARD,
ROSTISLAV DAVYDOV, JORGE VILLALOBOS,
ICEYLEEN COOPER, OLGA SEGAL,
ALLAREDDY REDDY, NUAEMEZIE UMEASOR,
VANESSA JONES, ANDREW RIOFRIO,
CORIZON HEALTH INC., JOHN DOE CAPTION #1,
JOHN DOE CAPTAIN #2, JANE DOE OFFICER #1,
JANE DOE OFFICER #2, JANE DOE OFFICER #3,
JANE DOE OFFICER #4, JOHN DOE OFFICER #1,
JOHN DOE OFFICER #2, JOHN DOE OFFICER #3,
JOHN DOE OFFICER #4,
JOHN DOE FOOD SERVICE ADMINISTRATOR,

                        Defendants.
------------------------------------------------------------------------X

**REPLY MEMORANDUM OF LAW
IN FURTHER SUPPORT OF
DEFENDANT, OLGA SEGAL'S
MOTION FOR JUDGMENT ON THE PLEADINGS**

                      KOSTER, BRADY & NAGLER, LLP
                      Attorneys for Defendant
                      OLGA SEGAL
                      One Whitehall Street, 10th Floor
                      New York, New York 10004

Bruce M. Brady, Esq.             Tel:  (212) 248-8800
Of counsel                         Fax:  (212) 248-6815

## **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................................... i

PRELIMINARY STATEMENT ............................................................................................. 1

ARGUMENT

      POINT I      THE COURT DID NOT PREVIOUSLY RULE ON THE
SUFFICIENCY OF THE COMLPLAINT AGAINST DR. SEGAL…...2

      POINT II     THE COURT MAY CONSIDER EXTRANEOUS DOCUMENTS ON A MOTION FOR JUDGMENT ON THE PLEADINGS............................................................................................ 3

      POINT III    THE DOCUMENTS CONTAINED IN PLAINTIFF'S
EXHIBIT K DEMONSTRATE THAT THE COMPLAINT
MUST BE DISMISSED………………………………………………...4

           A.     SERIOUSNESS OF PLAINTIFF'S MEDICAL CONDITION………..4

           B.     DELIBERATE INDIFFERENCE……………………………………….5

      POINT IV    THE PLAINTIFF'S COMPLAINT IS INSUFFICIENT
AS A MATTER OF LAW……………………………………………….6

CONCLUSION………................................................................................................... 10

# **TABLE OF AUTHORITIES**

**Cases**

*Allen v. WestPoint-Pepperell, Inc.*, 945 F.2d 40 (2d Cir. 1991)……………………………..3

*Arriaga v. Gage*, 2018 WL 1750320 (S.D.N.Y. April 6, 2018)………………………………..7

*Chambers v. Time Warner, Inc.*, 282 F.3d 147 (2d Cir. 2002)……………………………….3

*City of New York v. Beretta U.D.A. Corp.*, 524 F.3d 384 (2d Cir. 2008)……………………3

*Estelle v. Gamble*, 429 U.S. 97, 107, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)………………9

*Faraday v. Lantz*, 2005 WL 3465846 (D. CT December 12, 2005)……………………7,8

*Gagnon v. Alkermes PLC*, 368 F.Supp.3d 750 (S.D.N.Y. March 28, 2019)………………3

*Garraway v. Griffin*, 707 Fed.Appx. 16 (2d Cir. 2017)………………………………………6

*Lareau v. Manson*, 651 F.2d 96 (2d Cir. 1981)………………………………………………7

*LaFaro v. New York Cardiothoracic Group, PLLC*, 570 F.3d 471 (2d Cir. 2009)………...3

*Nielsen v. Bloomberg*, 2012 WL 4569102 (E.D.N.Y. Sept. 28, 2012)……………………..9

*Nielsen v. Rabin*, 746 F.3d 58 (2d Cir. 2014)………………………………………………..8

*Novick v. Village of Wappingers Falls, New York*, 376 F.Supp.3d 318
    (S.D.N.Y March 27, 2019)……………………………………………………………….3

*Oladipupo v Austin*, 104 F.Supp.2d 654 (W.D.La April 24, 2000)…………………………7

*Santiago v. Commissioner of New York City Corrections Joseph Ponte*,
    2016 WL 680823 (S.D.N.Y. February 18, 2016)……………………………………….6

*Sonds v. St. Barnabas Hosp. Corr. Health Servs.*, 151 F.Supp.2d 303 (S.D.N.Y.2001)..9

**Statutes**

Eighth Amendment, U.S. Constitution……………………………………….…1,2,4,6,7,8,9

i

42 U.S.C. §1983………………………………………………………………….……1,9

**Rules**

Fed. Rules Civ. Proc. Rule 12(b)(6)…………………………………………………….3

Fed. Rules Civ. Proc. Rule 12(c)……………………………………………………….3

Fed. Rules Civ. Proc. Rule 56…………………………………………………………..3

**PRELIMINARY STATEMENT**

The plaintiff's opposition to defendant Dr. Segal's motion to dismiss fails to demonstrate that the Complaint alleges sufficient facts to establish a violation of 42 U.S.C. §1983 based on inadequate medical treatment during his incarceration.  With respect to the conduct of Dr. Segal, the plaintiff alleges that on three occasions (March 23, 2015, April 16, 2015 and December 30, 2015) he was seen by Dr. Segal, complained about his extreme back, shoulder and neck pain, informed her of his back surgery nine years earlier and explained the problems and pain that his mattress was causing. He alleges that Dr. Segal showed deliberate indifference to his serious medical needs by refusing to provide him with a "special mattress."

Here the plaintiff chose to submit extrinsic documents as exhibits to this opposition to defendants' motion.  These documents include portions of his medical records (Exhibit K).  Ordinarily the inclusion of extrinsic documents in opposition to a motion to dismiss is not permitted.  While we could justifiably object to their submission, we elect not to do so.  However, the plaintiff incorporated these documents by reference in his Complaint (Paragraph 18).  In addition, we concede the authenticity of the medical records contained in Exhibit K and explicitly rely upon them in support of this motion.  The plaintiff himself supplied a copy of these medical records as part of his response to defendant's discovery demands.  Therefore, he cannot contest their authenticity.

These records directly bely plaintiff's allegations that Dr. Segal demonstrated a deliberate indifference to his serious medical needs.  In fact, they demonstrate that the plaintiff's medical condition falls far short of that required to establish a violation of his Eighth Amendment rights against cruel and unusual punishment, i.e. a "condition of

1

urgency, one that may produce death, degeneration, or extreme pain." Additionally, these records demonstrate that Dr. Segal engaged in a reasoned and deliberate effort to treat the plaintiff's complaints of back pain, with the prescribing of medication, referral to physical therapy, referral to orthopedics and possibly new imaging studies. At most, in light of these records, the plaintiff's Complaint amounts to simply a disagreement over the nature of the treatment provided rather than a deliberate indifference to his medical needs.

Even if the Court were to accept as true the factual statements in the Complaint, the allegations fail to establish that the plaintiff was subjected to deliberate indifference to his serious medical needs sufficient to constitute cruel and unusual punishment under the Eighth Amendment of the United States Constitution. Therefore, dismissal is warranted because the complaint fails to state a claim that is plausible on its face.

## **ARGUMENT**

### I. **THE COURT DID NOT PREVIOUSLY RULE ON THE SUFFICIENCY OF THE COMPLAINT AGAINST DR. SEGAL**

The plaintiff's interpretation of the Court's Order of Service on May 15, 2018 is a gross mischaracterization of the Court's decision. Contrary to plaintiff's statement, the Court did not engage in any "reasoning as to why plaintiff's complaint contained enough factual allegations concerning deliberate indifference to serious medical needs" against the remaining defendants. The Court did not rule on the sufficiency of the factual allegations in the complaint. Rather the language cited by plaintiff appeared in footnote in which the Court stated that it was not dismissing the Complaint against the remaining

defendants on statute of limitations grounds and merely identified the nature of the claims against them.

## II. THE COURT MAY CONSIDER EXTRANEOUS DOCUMENTS ON A MOTION FOR JUDGMENT ON THE PLEADINGS

The standard for review on a motion directed to the pleadings pursuant to FRCP 12(c), on the grounds that the complaint fails to state a cause of action is the same as applies to a motion to dismiss pursuant to FRCP 12(b)(6).  *LaFaro v. New York Cardiothoracic Group, PLLC*, 570 F.3d 471, 475 (2d Cir. 2009); *City of New York v. Beretta U.D.A. Corp.*, 524 F.3d 384, 392 (2d Cir. 2008).  In this regard, if a party presents material outside the pleadings on a motion under Rule 12(b)(6) or 12(c) and that material is not excluded by the court, the motion must be ordinarily be converted to one for summary judgment under Rule 56. FRCP 12(d).  However, there are several exceptions to this rule.  On a motion to dismiss, the Court may consider documents appended to the complaint or incorporated by reference, and matters of which judicial notice may be taken. *Allen v. WestPoint-Pepperell, Inc.*, 945 F.2d 40, 45 (2d Cir. 1991).  Even if the documents are not explicitly incorporated by reference in the complaint, they may be considered by the court if the plaintiff had knowledge or possession of the documents and relied upon their terms and effect in drafting the complaint. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002); *Gagnon v. Alkermes PLC*, 368 F.Supp.3d 750, 763 (S.D.N.Y. March 28, 2019); *Novick v. Village of Wappingers Falls, New York*, 376 F.Supp.3d 318, 330 (S.D.N.Y March 27, 2019).

Ordinarily, when extrinsic documents are considered on a Rule 12(b)(6) or 12(c), they are submitted by the moving party seeking dismissal.  Here, the plaintiff himself

3

submitted the documents. Further, the documents were originally in the plaintiff's possession and produced by him in response to defendant's discovery demands on March 27, 2019. The plaintiff clearly had possession of these documents and had knowledge of their contents. While we could justifiably object to their submission, we elect not to do so. In fact, we concede the authenticity of the medical records submitted by the plaintiff and explicitly rely upon them in support of this motion.

A reading of the Complaint demonstrates that the plaintiff heavily relied upon the documents in Exhibit K in drafting the Complaint. In 18 separate paragraphs, the Complaint lists 30 medical visits, by date, and identifies 18 separate medical practitioners, by name. The specificity of these factual statements makes it clear that the plaintiff relied upon these documents in drafting the Complaint.

### III. **THE DOCUMENTS CONTAINED IN PLAINTIFF'S EXHIBIT K DEMONSTRATE THAT THE COMPLAINT MUST BE DISMISSED**

#### A. Seriousness of Plaintiff's Medical Condition

The records contained in plaintiff's Exhibit K demonstrate that the plaintiff's complaints to Dr. Segal and others do not constitute a medical condition sufficiently serious to trigger Eighth Amendment consideration. While these records contain references to back pain, none of them reflect any complaints of extreme back, shoulder, neck pain and none of them reflect a discussion of a mattress, special or otherwise. The plaintiff was regularly described as not in acute distress. On examination of his back, he had full range of motion and normal muscle strength. His gait was unaffected. The records also demonstrate that the plaintiff's complaints of back pain were successfully treated with medication.

### B. Deliberate Indifference

Plaintiff's Exhibit K establishes that Dr. Segal did not show deliberative indifference to the plaintiff's medical condition. On the contrary, Dr. Segal took a thorough history from the plaintiff, reviewed his medical records and medication management, reviewed the previous imaging studies of the plaintiff's back, performed a complete neurological examination, reached a well-documented diagnosis and issued a detailed treatment plan.

She recommended a trial of Gabapentin for neuropathic pain, continuation of the Celebrex, which had successfully treated the plaintiff's pain in the past, ordered physical therapy and follow up with orthopedics. Dr. Segal also considered ordering repeat imaging studies if the plaintiff's back pain worsened despite the interventions she recommended. This response to the plaintiff's complaints of back pain is as far from showing deliberate indifference to his difficulties as one could imagine.

Interestingly, despite alleging in his Complaint that he consulted Dr. Segal three separate occasions, the plaintiff only included the record of his visit on December 30, 2014. He did not submit the records pertaining to the other two dates, March 23, 2015 and April 16, 2015. However, in his response to the defendant's earlier discovery demands, the plaintiff included copies of the records pertaining to these two visits (See Exhibit 4). These records establish that plaintiff did not consult Dr. Segal on the latter two dates. Rather the records pertaining to those two dates, provided by plaintiff during discovery, state that plaintiff was "not in clinic, not seen" on those occasions. Since the only interaction between plaintiff and Dr. Segal (December 30, 2014) occurred over three

5

years before plaintiff's Complaint was filed, the Complaint must ultimately be dismissed on statute of limitations grounds as the Court did with many of the other original defendants.[1]

### IV. THE PLAINTIFF'S COMPLAINT IS INSUFFICIENT AS A MATTER OF LAW

The cases cited by the plaintiff fail to substantiate the sufficiency of the complaint. They are readily distinguishable from the allegations made by the plaintiff in the instant action in that they present conditions of confinement far more serious that those alleged by the plaintiff.

The case of *Garraway v. Griffin*, 707 Fed.Appx. 16 (2d Cir. 2017) dealt with a prisoner's allegation that he was placed in a cell with a feces-soiled mattress and was required to sleep on it for more that three months.

In *Santiago v. Commissioner of New York City Corrections Joseph Ponte*, 2016 WL 680823 (S.D.N.Y. February 18, 2016), Magistrate Judge James C. Francis, IV recommended that the defendants' motion for summary judgment be granted. The plaintiff was issued a permit to have a double mattress/pillow for medical reasons. A corrections official ordered that the second mattress be removed because the Department of Corrections did not honor permits for multiple mattresses. Magistrate Judge Francis never ruled that the plaintiff's medical condition was sufficiently serious to qualify for Eighth Amendment protection, but rather determined that the plaintiff failed to establish

---

[1] The Court, on May 15, 2015, *sua sponte*, dismissed the Complaint against Defendants Hobbs-Green, Kernold Alves, Carole Comas, Jessy Liburd, Chika Nwogwugwu, Lynn Devivo, Yves Gauvin, Jorge Villalobos, Nuaemezie Umeasor, Allareddy Reddy, Vanessa Jones, Andrew Riofrio, Scott Parks, Frank Medard and Iceyleen Cooper as time-barred

that the corrections official acted with a sufficiently culpable state of mind to constitute deliberate indifference.

The case of *Lareau v. Manson*, 651 F.2d 96 (2d Cir. 1981), dealt with overcrowding conditions which included housing up to 9 men in a glass-walled room which was so small that it required the inmates to crawl over one another to reach the single toilet provided to them; housing inmates in rooms without sufficient light to allow an inmate to read and requiring healthy inmates to double-up and be confined for 23 out of 24 hours in a day with physically ill or psychiatrically ill cellmates.

The case of *Oladipupo v Austin*, 104 F.Supp.2d 654 (W.D.La April 24, 2000) dealt with an allegation that a detainee of the Immigration and Naturalization Service was provided with neither a bed nor mattress and was forced to sleep on a cold, wet floor for seven hours.

The case of *Arriaga v. Gage*, 2018 WL 1750320 (S.D.N.Y. April 6, 2018) was brought by a convicted inmate alleging that his Eighth Amendment rights were violated by the manner in which his back pain was treated. Both the nature of his condition and the response by the prison officials were different than alleged those by the plaintiff here. In *Arriaga*, the inmate suffered from herniated and bulging discs that caused him extreme back pain. The pain became so intolerable that he was hospitalized for three days because he was unable to move. An outside orthopedic specialist recommended that he be given a double/medical mattress, among other things. The mattress was denied for "security reasons." In addition, a prison physician issued a medical pass to the inmate allowing him to carry a cane. The cane was later confiscated.

The decision in *Faraday v. Lantz*, 2005 WL 3465846 (D. CT December 12, 2005) was rendered on a motion for summary judgment. The allegations of the plaintiff focused on the treatment of his complaints of back pain and the Court found that the plaintiff's medical condition was sufficiently serious enough to involve Eighth Amendment protection. In examining the evidence, the Court noted that "Back conditions, like other medical conditions, vary significantly in severity." *Id* at *5. The Court pointed out that the plaintiff produced medical records indicating that he persistently complained of lower back pain caused by herniated, migrated discs, sciatica, severe pain walking downstairs and pain and stiffness when he got out of bed. In denying summary judgment to one of the defendants, the Court stressed that the defendant denied the plaintiff's request for an egg crate foam mattress or second pillow and denied his requests for a diagnostic MRI or other neurological consultation. The records produced by the plaintiff here demonstrate not only a far less severe medical condition but also reasonable medical treatment of the plaintiff's condition.

The medical condition experienced by the plaintiff in *Nielsen v. Rabin*, 746 F.3d 58 (2d Cir. 2014) was markedly different from that alleged by the plaintiff in his Complaint here and set forth in the medical records submitted by the plaintiff. In *Nielsen*, the plaintiff alleged that he was beaten by the members of the police department and sustained a broken nose, fractured collarbone and a SLAP type labral tear (a tear of the biceps tendon where it inserts into the labrum). He alleged that when he arrived at the emergency room, he complained of severe pain in his shoulder and nose. He further alleged that when examined in the emergency room, he screamed when his shoulder was lightly touched. No x-rays, CT-scans or MRIs were performed and no significant treatment was provided.

8


He claimed that as a result of the inadequate treatment he had two surgeries on his nose; required additional reconstructive and cosmetic surgery; was declared legally deaf in one ear; had reduced hearing in the other ear; wore a hearing aid in each ear; had no feeling in his "right hand, thumb, and pinky"; and had an abnormal appearing shoulder.  The lower court (*Nielsen v. Bloomberg*, 2012 WL 4569102 [E.D.N.Y. Sept. 28, 2012]) dismissed the complaint on the grounds that the complaint failed to satisfy the subjective prong in that it did not allege that the defendants had the requisite mental state and denied the *pro se* plaintiff leave to amend his complaint.  The Second Circuit reversed the dismissal, not on the underlying ruling, but rather on the denial of leave to amend.

In this case, the plaintiff has not claimed that the medical treatment he was given was inadequate or that he was not given any treatment for his condition, but rather that he was deprived of a specific treatment, i.e., the provision of a "special mattress." "[D]isagreements between a prisoner and prison officials over treatment decisions fall short of cruel and unusual punishment. Thus, disagreements over medications, diagnostic techniques (e.g., the need for X-rays), forms of treatment, or the need for specialists or the timing of their intervention, are not adequate grounds for a Section 1983 claim. These issues implicate medical judgments and, at worst, negligence amounting to medical malpractice, but not the Eighth Amendment." *Sonds v. St. Barnabas Hosp. Corr. Health Servs.*, 151 F.Supp.2d 303, 312 (S.D.N.Y.2001), *citing Estelle v. Gamble*, 429 U.S. 97, 107, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

The only factual allegations in the complaint that suggest a relationship between the plaintiff's ailments and the mattress he was given are his conclusory statements that as a result of his prior surgery, he was "required to have a special mattress" (¶17).  The

Complaint does not state that during the previous eight years before his arrival at the Robert N. Davoren Center in May 2014, he was provided with a "special mattress" or that any medical provider had previously prescribed any specific bedding or recommended a special or different mattress.

The plaintiff has not set forth any facts that plausibly link these alleged serious symptoms and problems to the mattress he was given. Thus, the plaintiff's allegations concerning the effect of being denied a "special mattress" are simply "labels," "conclusions," "threadbare recitals" and "formulaic recitations" of the elements of a cause of action. Without further factual enhancement, they stop short of the line between possibility and plausibility.

Hence, the plaintiff's complaint is legally insufficient to support a claim for a constitutional denial of adequate medical care. Accordingly, for all of the aforementioned reasons, dismissal of plaintiff's complaint and judgment on the pleadings is warranted.

## CONCLUSION

**WHEREFORE**, defendant, OLGA SEGAL, respectfully requests that the Court grant the within motion in its entirely, along with such other and further relief as the Court deems just, proper and equitable.

Dated:   New York, New York
         July 31, 2019

_____
By:  BRUCE M. BRADY, ESQ. (BMB-4816)

10