

**JAMES E. JOHNSON**
*Corporation Counsel*

THE CITY OF NEW YORK
## LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

Sharon Sprayregen
phone: 212-356-0873
fax: 212-356-2088
email: ssprayre@law.nyc.gov
(not for service)

August 11, 2020

**BY ECF**
Hon. Vernon S. Broderick
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

The Clerk of Court is respectfully directed to close the open motion at docket number 103. It appears that the City of New York erroneously filed this document as a letter motion even though it does make any motion.

SO ORDERED: 11/16/2021

*/s/ Vernon Broderick*
HON. VERNON S. BRODERICK
UNITED STATES DISTRICT JUDGE

Re: *Jones v. The City of New York et al.*
18 CV 1937 (VSB)

Dear Judge Broderick:

      I am an Assistant Corporation Counsel in the Office of the Corporation Counsel of the City of New York, counsel for Defendants the City of New York, Corizon Health, Inc., Commissioner Joseph Ponte, and Dr. Rostislav Davydov ("City Defendants") in the above action, in which *pro se* Plaintiff Michael Jones alleges unconstitutional conditions of confinement and unconstitutional strip searches while incarcerated.

      I write in response to the Court's Order, dated June 18, 2020. Dkt. No. 95. This Order requires City Defendants to respond to the Court's Order, Dkt. No. 93, at 37, which, in turn requires that City Defendants state whether (a) claims against Jessy Liburd, Yves Gauvin, and Jorge Villalobos should be reinstated, along with any supporting factual and legal authority; and (b) whether, if those claims are reinstated, the New York City Law Department would represent these individuals, the Law Department would waive service of summons, and would need to take additional discovery. Dkt. No. 95 also requires City Defendants to respond to Plaintiff's request for leave to amend his Complaint, and Plaintiff's request for an extension of discovery deadlines.

**A. Claims Against Jessy Liburd, Yves Gauvin, and Jorge Villalobos**

According to the Plaintiff's medical records, which were produced to Plaintiff,[1] neither Liburd nor Gauvin treated Plaintiff within the statute of limitations, i.e., after February 24, 2015. Accordingly, claims against these defendants should not be reinstated.

Villalobos did treat Jones after February 24, 2015. Indeed the documents filed by Plaintiff (Dkt. No. 94) providing supporting documentation of this allegation, were produced by City Defendants. Given that the claims against Villalabos were identically pled to those against Davydov and Segal, City Defendant does not object to these claims being reinstated.

Though the Law Department generally represents medical workers at Rikers if the medical workers so desire, neither the Law Department, nor Physician Affiliate Group of New York, P.C., Villalabos' employer at the time, can waive service of summons. Villalabos may be served at:

Jorge Villalobos, PA
c/o Gwendolyn Renee Tarver
PAGNY-Correctional Health Services
49-04 19th Avenue
1st Floor
Astoria, New York 11105

After Villalabos has been served, he may request representation from the Law Department. My Office would only represent Villalabos after we had conducted a representation interview, and Villalbos has signed a letter stating he would like my Office to represent him.

Should claims against Villalabos be reinstated the Law Department would not take additional discovery.

**B. Plaintiff's Request for Leave to Amend his Complaint to Add 32 Correction Officers should be Denied**

Plaintiff should not be permitted leave to amend the Complaint to add 32 new correction officer defendants ("32 New Defendants"), because all claims against these Defendants are barred by the statue of limitations; thus, amendment of the Complaint would be futile. *See Wallace v. N.Y.C. Dept of Corrections*, 112 F. App'x 794, 795 (2d Cir. 2004). *Foman v. Davis*, 371 U.S. 178, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962); *Milanese v. Rust-Oleum Corp.*, 244 F. 3d 104 (2d Cir. 2001). An amendment is futile if the proposed claim would not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002). A time-barred claim would not survive a motion to dismiss and is, therefore, futile.

---

[1] City Defendants will file the records under seal, should the Court desire.

The statute of limitations for claims brought under section 1983 in New York is three years. *Pearl v. City of Beach*, 296 F.3d 76, 79 (2d Cir. 2002). Plaintiffs are not allowed to circumvent New York's three-year statute of limitations by filing a complaint against John Doe defendant within the three-year window, and then amending the complaint to name the defendant at a later time. *Hogan, 738 F.3d at 517.* As a result, if a plaintiff seeks to amend a complaint to name a John Doe defendant, and the statute of limitations has already run, the plaintiff must show that the amended complaint "relates back" to the original, timely-filed complaint under Federal Rule of Civil Procedure 15(c).

Here, the alleged incidents occurred on April 14 and 22, 2015, and Plaintiff filed the proposed Amended Complaint seeking to name the 32 New Defendants on May 4, 2020, over two years after the statute of limitations had run. Thus, the claims against 32 New Defendants time-barred, unless they relate back to the original Complaint under FRCP15(c). They do not.

i. **Plaintiff's Claims Against the 32 New Named Defendants Do Not Relate Back to the Original Complaint Under Fed. R. Civ. P. l5(c)(l)(C)**

Rule 15(c)(l)(C) provides the federal standard for when claims relate back. *Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. N.Y. 2013). For a claim against a defendant to relate back under Rule 15(c)(1)(C), one of the criteria is "that party should have known that, but for a mistake of identity, the original action would have been brought against it." Plaintiff does not meet this criterion.

"This Circuit has interpreted [Rule 15(c)(1)(C)] to preclude relation back for amended complaints that add new defendants, where the newly added defendants were not named originally because the plaintiff did not know their identities." *Hogan*, 738 F.3d at 871. Further, the Second Circuit has held that "lack of knowledge of a John Doe defendant's name does not constitute a 'mistake of identity.'" *Id.* at 518 (quoting *Barrow*, 66 F.3d at 470). *See also Liverpool v. Davis*, 2020 U.S. Dist. LEXIS 33237, at *22 (S.D.N.Y. Feb. 26, 2020) Here, there was no mistake of identity and Rule 15(c)(1)(C) is inapplicable.

ii. **Plaintiff's Claims Against the 32 New Named Defendants Do Not Relate Back to the Original Complaint Under Fed. R. Civ. P. l5(c)(l)(A)**

Rule 15(c)(l)(A) allows an amended pleading to relate back to an original pleading when "the law that provides the applicable statute of limitations allows relation back." Fed. R. Civ. P. 15(c)(1)(A). Thus, under Rule 15(c)(l)(A), courts "must determine if New York state law provides a 'more forgiving principle of relation back' in the John Doe context, compared to the federal relation back doctrine under Rule 15(c)(l)(C)." *Hogan*, 738 F.3d at 518. The Second Circuit has held that CPLR § 1024, which allows a plaintiff "who is ignorant, in whole or in part, of the name or identity of a [defendant], [to] proceed against such [defendant] as an unknown party," is indeed a more forgiving principle of relation back for cases involving John Doe defendants. *Id.* However, to take advantage of § 1024 the plaintiff must show that he: "[1] exercise[d] due diligence, *prior to the running of the statute of limitations,* to

identify the defendant by name" and "[2] describe[d] the John Doe party in such form as will fairly apprise the party that [he] is the intended defendant." *Id.* at 519 (quotation marks and citations omitted) (emphasis added). *See also Liverpool*, 2020 U.S. Dist. LEXIS 33237, at *22-24.

Here, Plaintiff cannot take advantage of § 1024 because he did not exercise *any* diligence to identify the 32 New Defendants *prior to the running statute of limitations.* Plaintiff waited nearly three years after the incident to file his original Complaint. There is no evidence that Plaintiff used that time to prepare his lawsuit or try to identify the 32 New Defendants. Plaintiff's original Complaint was dated February 24, 2018 and the statute of limitations period expired less than two months later, on April 14 and 22, 2018. Similarly, during those two months, Plaintiff did nothing to identify the 32 New Defendants.

Any diligence Plaintiff exercised after April 14 and 22, 2018 is irrelevant. As this Court has made clear, "[p]laintiffs diligence after the limitations period ended cannot compensate for his lack of diligence in the two and one-half years following the incidents." *Galberth v. Capt. Washington*, No. 14 Civ 691 (KPF), 2016 US Dist LEXIS 41478, at *32 (S.D.N.Y. Mar. 29, 2016).[2] Accordingly, Plaintiff's claims against the 32 New Defendants do not relate back to the original Complaint pursuant to Rule 15(c)(1)(A) either, and, thus, the claims are barred by the statute of limitations.[3]

## C. Plaintiff's Request for an Extension of Discovery Deadlines should be Denied

Given that the claims against the 32 New Defendants are time-barred, there is no need for discover related to these defendants, and no need for an extension discovery deadlines. The discovery that Plaintiff states he has requested from City Defendants (Dkt. No. 94, at 1) was dated July 21, 2020, received by me on July 30, 2020, and pertains to the 32 New Defendants, or are general requests related to Plaintiffs' strip search claims that could have been made prior to

---

[2] Though beside the point, Plaintiff in fact did not exercise sufficient diligence even after the limitations period, as fact discovery closed on February 21, 2020, and Plaintiff did not file his proposed amended complaint until May 4, 2020.

[3] In addition, amendment would be futile because Plaintiff fails to identify which one of the numerous New Defendants committed the alleged constitutional violations. *See* Dkt. No. 94, ¶¶ 41-52, *Doe v. E. Irondequoit Cent. Sch. Dist.*, No. 16-CV-6594 (CJS), 2018 U.S. Dist. LEXIS 76798, at *27 (W.D.N.Y. May 7, 2018). "In order to state plausible claims where a plaintiff is suing multiple defendants, the complaint must sufficiently explain what each defendant allegedly did." *E. Irondequoit Cent. Sch. Dist,* 2018 U.S. Dist. LEXIS 76798, at *27; *Joint Stock Co. Channel One Russia Worldwide v. Infomir LLC*, 2017 U.S. Dist. LEXIS 22548, at *18 (S.D.N.Y. Feb. 15, 2017) ("A laundry list of potentially actionable conduct, without specification of any particular activities by any particular defendant, cannot withstand a motion to dismiss.") (citation omitted).

the close of fact discovery. Moreover, City Defendants have provided all documents and information in its possession, custody and control in response to Plaintiff's prior document requests and interrogatories, and even supplemented the responses on two occasions.

Fact discovery closed on February 21, 2020 and Plaintiff has provided no reason to re-open discovery at this late stage.

Respectfully submitted,

/s/

Sharon Sprayregen
Assistant Corporation Counsel

cc:  Michael Jones
     Plaintiff *pro se*
     90-A-5292
     Sing Sing Correctional Facility
     354 Hunter St.
     Ossining, N.Y. 10562
     (via regular mail)

     Bruce M. Brady
     KOSTER, BRADY & NAGLER, LLP
     Attorneys for Defendant Olga Segal, MD
     One Whitehall Street, 1 01h Floor
     New York, New York 10004
     (via ECF)